STEP PLAN SERVICES, INC.

v.

**John J. KORESKO, V; Lawrence Koresko; Koresko and Associates, P.C.; Koresko Financial, L.P.; Penn–Mont Benefit Services, Inc.; Capitas Financial, LLC; Anderson, Kill & Olick, P.C.; Virginia I. Miller; Lawrence S. Fischer; Community Trust Company; Lowell Gates; Arrow Drilling Co., Inc.; Nestor Garza; Sanchez and Daniels; Manuel Sanchez; John Daniels, John J. Koresko, V; Lawrence Koresko; Koresko and Associates, P.C.; Koresko Financial, L.P.; Penn–Mont Benefit Services, Inc., Appellants.**

No. 05–5494.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 2, 2007.

Filed: March 14, 2007.

Ira B. Silverstein, Thorp, Reed & Armstrong, Philadelphia, PA, for Step Plan Services, Inc.

John J. Koresko, V, Koresko & Associates, Bridgeport, PA, Steven D. Johnson, Hecker, Brown, Sherry & Johnson, Philadelphia, PA, for Appellants.

Before: SCIRICA, Chief Judge, McKEE and NOONAN *, Circuit Judges.

## OPINION OF THE COURT

NOONAN, Circuit Judge.

John J. Koresko, et al. ("Koresko"), appeals the denial of a motion for reconsideration of an award of attorney's fees and costs to STEP Plan Services, Inc. ("STEP") for the expenses STEP incurred in remanding a case to state court. We now affirm the district court's decision.

District courts may award "just costs and any actual expenses, including attorney's fees" incurred as a result of a defective removal to federal court. 28 U.S.C. § 1447(c). Koresko failed to obtain the unanimous consent of all defendants before seeking to remove the case to federal court. Therefore, his removal was procedurally defective. *See Lewis v. Rego,* 757 F.2d 66, 68 (3d Cir.1985) ("[W]hen there is more than one defendant, all must join in the removal petition.") Moreover, STEP's complaint alleged state law causes of action exclusively; ERISA was inapplicable. *See Mints v. Educational Testing Service,* 99 F.3d 1253 (3d Cir.1996). The district court did not abuse its discretion in awarding STEP attorney's fees and costs as a result of Koresko's improper removal. *See* 28 U.S.C. 1447(c); *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005) ("courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.")

* The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial

No violation of Koresko's due process rights occurred. The district court considered a detailed breakdown of hours and costs, as well as a form charting reasonable attorney's fees. Koresko had an opportunity to respond in both its Opposition to Plaintiff's Request for Fees and in its Sur–Reply to Plaintiff's Request for Fees. *See Federal Communications Comm'n v. WJR,* 337 U.S. 265, 276, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949). (Due process does not require oral argument, and written submissions may be sufficient.)

AFFIRMED.

Circuit, sitting by designation.